UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA A. AKEEM | CIVIL ACTION NO. |
| VERSUS | DISTRICT JUDGE: |
| BRINKER LOUISIANA INC AND/OR BRINKER INTERNATIONAL, INC. D/B/A CHILI'S RESTAURANT #788, AND ABC INSURANCE COMPANY | MAGISTRATE JUDGE: |

*************************************************************************************

## NOTICE OF REMOVAL

Defendant, Brinker Louisiana Inc., (hereinafter "Defendant") hereby removes the action captioned "*Joshua A. Akeem v. Brinker Louisiana, Inc. and/or Brinker International, Inc. d/b/a Chili's Restaurant #788 and ABC Insurance Company*" bearing docket number 846-944, Section "K", on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this notice of removal, Defendant pleads the following grounds:

I.

On September 7, 2023, this civil action was filed by Plaintiff, Joshua Akeem ("Plaintiff"), in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, bearing docket number 846-944, Section "K" and captioned "*Joshua A. Akeem v. Brinker Louisiana, Inc. and/or Brinker International, Inc. d/b/a Chili's Restaurant #788 and ABC Insurance Company*".[1]

II.

On information and belief, Plaintiff was at the time of the filing of this action, and still is, a resident, domiciliary, and citizen of the State of Louisiana.

---

[1] *See* Declaration of Counsel, attached hereto as **Exhibit A** and Petition for Damages, attached hereto as **Exhibit B**.

III.

Brinker Louisiana, Inc., is a Virginia corporation whose principal place of business is in Dallas, Texas. As such, Brinker is a citizen of the States of Virginia and Texas.

IV.

The Petition and Citation were served on Brinker Louisiana, Inc. on September 20, 2023.

V.

Plaintiff also named a fictitious defendant, ABC Insurance Company, in his Petition, with no mention of the alleged citizenship. However, it is well established that the citizenship of a fictitious defendant is disregarded for purposes of determining diversity jurisdiction.[2] No other defendants have been named in the suit, aside from Brinker Louisiana, Inc., and therefore, the consent of other defendants is not required pursuant to 28 U.S.C. § 1446(b)(2).

VI.

In Plaintiff's Petition, it is alleged that on June 18, 2023, Plaintiff was a patron at Chili's Bar & Grill restaurant in Harvey, Louisiana, when he slipped on a substance on the floor.[3]

VII.

On the face of the Petition, Plaintiff discusses the nature and extent of his alleged injuries. Specifically, in the Petition, Plaintiff claims that he is entitled to recover both general and special damages for past and future pain and suffering and medical expenses associated with his injuries. He then list his injuries which include but are not limited to the following: "L4-5 disc bulge; left sided L5 hemilaminectomy defect; L5-S1 recurrent disc herniation with associated annular tear; cervicalgia;

---

[2] *See* 28 U.S.C. § 1441(b)(1). For instance, in *Lewis v. Valero Refining-New Orleans*, the plaintiff named several fictitious defendants – including a John Doe – in connection with a suit for personal injuries resulting from chemical inhalation. Judge Carl Barbier of this Honorable Court found that the "statutory directive [in 28 U.S.C. § 1441(b)(1)] to disregard the citizenship of defendants under fictitious names is unambiguous." Accordingly, Judge Barbier disregarded the citizenship of John Doe and the other fictitious defendants for purposes of evaluating whether complete diversity existed at the time of removal. *See Lewis v. Valero Ref.-New Orleans*, No. CV 16-16590, 2017 WL 955684 (E.D. La. Mar. 13, 2017).

[3] *See* **Exhibit B**, Petition for Damages, ¶ 5.

cervical neck sprain; lumbar herniated nucleus pulposus; lumbar radiculopathy; lumbago; lumbar strain; and spine muscle spasm."[4]

VIII.

On October 12, 2023, undersigned counsel received an email from Plaintiff's counsel including a copy of the pre-suit settlement demand and selected medical records.[5] This demand seeks a total of $114,625.00 which includes $14,625 in past medical bills and $100,000 toward pain and suffering.[6] In the medical records provided, it is apparent that Plaintiff underwent two epidural steroid injections (ESIs) in July and September of 2023.[7] In considering these additional medical records, Plaintiff's past medical specials appear to total at least $26,025.[8]

IX.

Quantum research reveals that actions involving the injuries and treatment alleged, including epidural steroid injections, place the amount in controversy in excess of $75,000.[9] Plaintiff's alleged injuries, coupled with the settlement demand of $114,625.00, places the amount in controversy above $75,000 and warrants the exercise of federal jurisdiction.

X.

This is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. § 1332 and § 1367(a) and is thus removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, et seq., because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

---

[4] *See* **Exhibit B**, Petition for Damages ¶ 7.
[5] *See* **Exhibit A**, Declaration of Counsel; *see also* **Exhibit C**, Email Correspondence from 10/12/23 including settlement demand.
[6] *See* **Exhibit C**, Email Correspondence from 10/12/23.
[7] *See* **Exhibit D**, Medical Records, *en globo*.
[8] *See* **Exhibit D**, Medical Records, *en globo*.
[9] *See* **Exhibit A**, Declaration of Counsel.

XI.

In compliance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed both "within 30 days after receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"[10] and "within 30 days after receipt by the defendant, through service or otherwise, of a copy of . . . other paper from which it may first be ascertained that the case is one which is or has become removable."[11]

XII.

In the instant matter, this court's federal jurisdiction was first ascertained upon service of the Petition alleging L4-5 and L5-S1 disc pathology and cervical spine complaints on September 20, 2023. Receipt of the settlement demand in the amount of $114,625 together with past medical specials of at least $26,025 on October 12, 2023, further established that the amount in controversy is met for the exercise of this court's federal diversity jurisdiction.

XIII.

As such, this matter is appropriately before the court under diversity jurisdiction because it is between citizens of different states, with an amount in controversy that exceeds $75,000, and filed within thirty days of service of the initial pleading or receipt of other paper from which the undersigned was first able to ascertain the applicability of the court's jurisdiction.

XIV.

In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Brinker is attached hereto.[12] Further, all contents of the record in state court to date have been requested from the Clerk of Court of the 24th Judicial District Court for the Parish of Jefferson and will be filed in the record of this Honorable Court promptly upon receipt.

---

[10] 28 U.S.C. § 1446(b)(1).
[11] 28 U.S.C. § 1446(b)(3).
[12] *See* **Exhibit B**, Petition for Damages.

XV.

In compliance with 28 U.S.C. §1446 (d), Defendant hereby certifies that notice of removal is being served to all adverse parties, and to the Clerk of Court of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**WHEREFORE**, Defendant, Brinker Louisiana, Inc., prays that this cause be removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

_/s/ Alexandra E. Celio_
Benjamin R. Grau (Bar No. 26307)
Megan S. Peterson (Bar No. 34026)
Alexandra E. Celio (Bar No. 38695)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone:   (504) 569-2030
Facsimile:    (504) 569-2999
E-Mail:        beng@spsr-law.com
                  meganp@spsr-law.com
                  alexandrac@spsr-law.com
**Attorneys for Defendant, Brinker Louisiana, Inc.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or through facsimile or U.S. Mail, postage paid.

This 16th day of October, 2023.

_/s/ Alexandra E. Celio_